IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL RAMON RAMIREZ,

    Petitioner,                    No. CIV S-06-1257 FCD GGH P

    vs.

ROSANNE CAMPBELL, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed June 8, 2006. Petitioner challenges his 2003 conviction for nine counts of lewd and lascivious acts on a child under 14 years. Petitioner is serving a sentence of 25 years.

        Pending before the court is respondent's August 9, 2006, motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully reviewing the record, the court recommends that the motion be granted.

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not appeal his conviction. Therefore, his conviction became final 60 days after he was sentenced on August 1, 2003, i.e. on October 1, 2003. See Cal. Rules of Court, former rule 31(a). Petitioner had one year from October 1, 2003, i.e. until September 30, 2004, to file a timely federal petition.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. In Artuz v. Bennett, 531 U.S. 4, 8, 1215 S.Ct. 361, 364 (2000), the Supreme Court clarified that to be "properly filed" under 28 U.S.C. § 2244(d)(2), a state petition must, among other things, be "delivered to, and accepted by, the appropriate court officer..." The court now considers whether petitioner is entitled to tolling pursuant to § 2244(d)(2).

In Carey v. Saffold, 536 U.S. 214 122 S.Ct. 2134 (2002), the Supreme Court found that habeas petitioners are entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) between the period of time after which a habeas petition is denied at a lower level and then filed at a higher one to the extent that petitioner seeks higher court review of the lower court's decision.

/////

On August 9, 2004, petitioner filed a habeas corpus petition in Sacramento County Superior Court. Respondent's Lodged Document No. 2. This petition raised the following claims: 1) ineffective assistance of counsel during trial (no further detail); 2) ineffective assistance of counsel with regard to the plea bargain; 3) ineffective assistance of counsel based on counsel's failure to file a timely notice of appeal; 4) the trial court erred in failing to deem his notice of appeal timely filed. Respondent's Lodged Exhibit No. 3. On September 22, 2004, the Superior Court denied this petition as untimely. Id. The Superior Court also denied the first two claims for failing to state with particularity the facts upon which petitioner sought relief. Id. The Superior Court denied the third claim on the merits and found that the fourth claim did not lie in habeas corpus. Id.

On December 10, 2004, petitioner filed a habeas corpus petition in the California Court of Appeal. Respondent's Lodged Exhibit No. 4. This petition raised the following claims: 1) petitioner was coerced into pleading guilty based on misrepresentations by the trial court; 2) petitioner's waiver of his right to a jury trial was based on misrepresentations by the court appointed interpreter and trial counsel; 3) ineffective assistance of counsel with regard to the plea bargain. Respondent's Lodged Document No. 4. On December 22, 2004, the California Court of Appeal denied this petition by order citing In re Hillery, 202 Cal.App.2d 293 (1962). Respondent's Lodged Document No. 5.

On January 18, 2005, petitioner filed a second habeas corpus petition in the Sacramento County Superior Court. Respondent's Lodged Document No. 6. This petition raised the same claims as were raised in the petition filed in the state appellate court. Id. On March 15, 2005, the Superior Court denied the petition as untimely and successive as well as on the merits. Respondent's Lodged Document No. 7.

On April 14, 2005, petitioner filed a second habeas corpus petition in the California Court of Appeal. Respondent's Lodged Document No. 8. This petition raised the same claims as were raised in the first petition filed in the state appellate court and the second

petition filed in the Superior Court. Respondent's Lodged Document No. 9. On May 26, 2005, the Appellate Court denied the petition without comment or citation. Respondent's Lodged Document No. 10. On July 8, 2005, petitioner filed a habeas corpus petition in the California Supreme Court raising the same claims as were raised in both state appellate petitions and the second petition filed in Superior Court. Respondent's Lodged Document No. 11. On May 17, 2006, the California Supreme Court denied the petition without comment or citation. Respondent's Lodged Document No. 12.

Respondent does not argue that petitioner's first petition filed in the superior court was not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2).[1] Instead, respondent argues that petitioner's first habeas petition filed in the state appellate court was not properly filed based on the appellate court's citation to In re Hillery, 202 Cal.App.2d 293 (1962). Hillery held that absent a showing of an extraordinary circumstance warranting action by the court of appeal in the first instance, post-conviction claims should be passed upon by the superior court before they are presented to the court of appeal. Hillery, 202 Cal.App.2d at 294.

Based on the citation to In re Hillery, the court finds that petitioner's first habeas petition filed in the California Court of Appeal was not properly filed within the meaning of § 2244(d)(2). Two of the three claims raised in this petition had not been raised in the Superior Court. The one claim raised in the first petition filed in the Superior Court – ineffective assistance of counsel with regard to the plea bargain – had been denied by the Superior Court as untimely and for failing to allege with particularity the facts in support of this claim. Under Hillery, petitioner should have properly raised these claims first in the Superior Court. Therefore, petitioner is not entitled to tolling of the limitations period between the time the Superior Court denied his first petition and when he filed his first petition in the California Court

---

[1] Respondent's position regarding the first state habeas petition is puzzling. See Bonner v. Carey, 425 F.3d 1145 (9th Cir. 2005), as amended 439 F.3d 993 (2006)(a petition denied as untimely and on the merits is not properly filed within the meaning of § 2244(d)(2)).

of Appeal.

Respondent also argues that the first petition filed in the California Court of Appeal was not properly filed because it was not timely filed. In <u>Evans v. Chavis</u>, ___ U.S. ___, 126 S. Ct. 846 (2006), the Supreme Court stated that whether a state petition was timely under California law must be decided on a case by case basis. <u>Id.</u> at 853. The Supreme Court also stated that even if a state court denies a habeas on the merits, this does not prove that the state court thought the petition was timely. <u>Id.</u> at 850. For purposes of § 2244(d)(2), a petitioner is entitled to interval tolling only for petitions that were timely filed under state law. 126 S. Ct. at 849. In most states, a statute sets forth a time period, such as 30 or 60 days, for the filing of a timely appeal. <u>Id.</u>, 849. Under California law, the notice of appeal is timely if filed within a "reasonable time." <u>Id.</u> (citing <u>In re Harris</u>, 5 Cal.4th 813, 828 n. 7, 21 Cal.Rptr.2d 373 (1993)).

Respondent argues that petitioner's first habeas petition filed in the state appellate court was not timely because it was not filed within the 30 or 60 day time limit that most states have. Rather, it was filed 75 days after the Superior Court denied the first petition. The Supreme Court in <u>Evans</u> did not hold that the 30 or 60 day time limit of other states governed the determination of whether petitions filed in California were timely.

> In the absence of any such guidance, however, we see no alternative way of applying state law to a case like this one but for the Ninth Circuit simply to ask and to decide whether the state prisoner made the relevant filing within a reasonable time. In doing so, the Circuit must keep in mind that, in <u>Saffold</u>, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of the other States, i.e. that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

126 S.Ct. at 853.

After reviewing the record, this court finds that the 75 interval was not unreasonable. The 75 delay interval is not *substantially longer* than the 30 to 60 day standards in states with determinate timeliness rules. In addition, at the time petitioner filed his petition in the California Court of Appeal on December 10, 2004, Ninth Circuit case law held that a 4 ½ month

5

1  interval did not constitute unreasonable delay.  Saffold v. Carey, 312 F.3d 1031 (9th Cir. 2002), as
2  amended on denial of rehearing (Jan. 14, 2003).  Therefore, by relying on Saffold, petitioner did
3  not act unreasonably in not filing his second petition within 30 or 60 days of the date the
4  Superior Court denied his first petition.  In other words, the state of the law describing what is
5  reasonable/unreasonable at the time one acts, or fails to act, is an important factor when years
6  later deciding the reasonableness of one's actions (after the law has changed).

7  Respondent also argues that under California law, a state habeas petition is akin to
8  an appeal.  Under California law, a defendant has 60 days to file a notice of appeal from a
9  superior court judgment.  Cal. Rules of Court, rule 30.1(a).  Respondent argues that a state
10 habeas petitioner need not re-format his claims, and that each level of state court requires the use
11 of the same form.  Respondent argues that this court should find that state habeas petitioners are
12 bound by the same time limits as when they pursue direct appeals.

13 The court observes that the petition filed in the California Court of Appeal
14 attempted to clarify the claims that the Superior Court found not adequately pled.  In addition, in
15 California direct appeals, an appellant's opening brief is not typically filed until months after the
16 filing of the notice of appeal.  Respondent's argument that the time limit for filing appeals should
17 inexorably be applied to habeas petitions is not persuasive.

18 As discussed above, petitioner was entitled to tolling pursuant to 28 U.S.C. §
19 2244(d) during the time his first petition filed in Superior Court was pending from August 9,
20 2004, to September 22, 2004, i.e. 44 days.  Petitioner is not entitled to tolling for any of his later
21 petitions even assuming they were properly filed as they were not filed within 44 days of
22 September 30, 2004, which is the date the limitations period ran.  Accordingly, the federal
23 petition filed June 8, 2006, is barred by the statute of limitations.

24 Although petitioner makes no argument in support of equitable tolling, the court
25 will address this issue.  "[A] litigant seeking equitable tolling [of the one-year AEDPA
26 limitations period] bears the burden of establishing two elements: 1) that he has been pursuing

1 his rights diligently, and 2) that some circumstance stood in his way." Pace v. DiGuglielmo, 544
2 U.S. 408, 125 S.Ct. 1807 (2005).

3       Attached to petitioner's opposition is his own declaration in which he states that
4 he does not read or write English "except to a very limited purpose." Petitioner's declaration, ¶
5 5. Petitioner also states that while he speaks a limited amount of English, he has relied on the
6 help of English speaking inmates to communicate with the courts. Id., ¶ 7-8. Also attached to
7 petitioner's opposition is the declaration of his jailhouse lawyer, Salvador Mena. Mr. Mena
8 states that he began assisting petitioner in July 2004. Mena declaration, ¶ 8.

9       A habeas petitioner's language limitations do not per se justify equitable tolling.
10 Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006). "[A] non-English speaking petitioner
11 seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA
12 time limitations, he was unable, despite diligent efforts, to procure either legal materials in his
13 own language or translation assistance from an inmate, library personnel, or other source." Id. at
14 1070.

15       In the instant case, petitioner did obtain translation/language assistance from
16 another inmate during the limitations period. Accordingly, he is not entitled to equitable tolling
17 based on any language limitations.

18       Accordingly, IT IS HEREBY RECOMMENDED that respondent's August 9,
19 2006, motion to dismiss be granted.

20       These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties. Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
25 /////
26 /////

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/1/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
ram1257.mtd